**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                          **CRIMINAL ACTION NO. 4:05CR128-P-B**

**TONY CONROD,**                                        **DEFENDANT.**

## **ORDER**

This matter comes before the court upon Defendant's Motion to Dismiss Count I of the Indictment or Alternatively Motion to Order a Bill of Particulars [25-1]. Upon due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The motion to dismiss Count I of the indictment is not well-taken and should be denied. Count I of the indictment in this case states in its entirety:

> From on or about January 2000 to on or about November 20, 2005, in the Northern District of Mississippi, TONY CONROD, defendant herein, did knowingly and willfully conspire with persons known and unknown to the grand jury to possess with intent to distribute and to distribute in excess of fifty (50) grams of a mixture and substance containing cocaine, crack cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A).

Pursuant to the Fifth Circuit's reasoning in *U.S. v. Ellender*, 947 F.2d 748, 755-56 (5th Cir. 1991), this court concludes that Count I of the instant indictment is sufficient because it contains the essential elements of conspiracy, the elements are described with sufficient particularity, and the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense. Count I provides the time frame ("on or about January 2000 to on or about November 20, 2005"); the location ("in the Northern District of Mississippi"); and the specific statutes violated in furtherance of the conspiracy. Substantially identical language was deemed adequate by the Fifth

Circuit not only in *Ellender*, but also in *U.S. v. Giles*, 756 F.2d 1085, 1086-87 (5th Cir. 1985) ("on or about April, 1981, and continuing through August, 1982, in Harris County, in the Southern District of Mississippi, and elsewhere") and other cases. *See also U.S. v. Hawkins*, 661 F.2d 436, 454 (5th Cir. 1981) (holding that a narcotics indictment is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy took place, and the statute allegedly violated – the indictment need not allege a specific overt act in furtherance of the conspiracy).

The motion for a bill of particulars is also not well-taken and should be denied. The Government is correct that neither Rule 16 of the Federal Rules of Criminal Procedure nor Rule 7(f) requires the disclosure of witnesses. *U.S. v. Fischel*, 686 F.2d 1082 (5th Cir. 1982). Indeed a "motion for a bill of particulars is addressed to the sound discretion of the trial court and may not be used for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial." *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965)*, cert. denied*, 382 U.S. 901 (1965). The court concludes that the defendant has not met his burden in demonstrating the need for a bill of particulars.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count I of the Indictment or Alternatively Motion to Order a Bill of Particulars [25-1] is **DENIED**.

**SO ORDERED** this the 14th day of June, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE