**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**VS.**                                                            **CRIMINAL ACTION NO. 4:05CR128-P-B**

**TONY CONROD,**                                                                                       **DEFENDANT.**

**ORDER**

This matter comes before the court upon Defendant's Motion to Suppress Evidence of Prior Criminal History Based on Expungement of Prior Convictions [57-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The Defendant Conrod was indicted in the Circuit Court of Sunflower County, Mississippi with one count of possession of cocaine with intent to deliver. Conrod subsequently plead guilty to the crime of possession on April 20, 1995.

On May 18, 2006, Conrod received an Order of Expungement from the Circuit Court of Sunflower County, Mississippi which expunged Conrod's 1995 possession of cocaine conviction pursuant to Mississippi Code Annotated § 41-29-150. This statute provides in pertinent part that:

> [W]ith respect to a person who has been convicted and adjudged guilty ... for possession of narcotics ... such person, if he had not reached his twenty-sixth birthday at the time of the offense, may apply to the court for an order to expunge from all official records ... all recordation relating to his arrest, indictment, trial, finding of guilty, and dismissal and discharge pursuant to this section. If the court determines, after hearing, that such person was dismissed and proceedings against him discharged and that he had not reached his twenty-sixth birthday at the time of the offence, or that such person had satisfactorily served his sentence or period of probation or parole, and that he had not reached his twenty-sixth birthday at the time of the offense, it shall enter such order. The effect of such order shall be to restore to such person, in the contemplation of the law, to the status he occupied before such arrest

or indictment. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest, or indictment or trial in response to any inquiry made of him for any purpose.

Miss. Code Ann. § 41-29-150(d)(2).

Accordingly, the defendant moves this court to suppress any evidence of his prior conviction for the purposes of the instant indictment.

The Government argues that pursuant to Federal Rule of Evidence 609(c) and Fifth Circuit precedent, the expungement does not act to take the defendant's prior conviction out of the realm of impeachment evidence. According to the authorities cited, the Government appears correct.

In *Gurleski v. United States*, 405 F.2d 253 (5th Cir. 1969), the criminal defendant had been pardoned for a felony by the State of Texas. The Court held, however, that "[a] pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions particularly as they may bear on his present character and veracity. ... In the absence of doubt being cast on the validity of these convictions, the pardon is not a bar." *Id*. at 266.

In *Dixon v. McMullen*, 527 F.Supp. 711, 718 (N.D. Tex. 1981), the court held that a pardon granted to the civil plaintiff by the Governor of Texas "may remove some disabilities, but does not change the common-law principle that a conviction of an infamous offense if evidence of bad character."

In *Smith v. Tidewater Marine Towing, Inc.*, the Fifth Circuit held that a first-offender pardon under Louisiana law was not a pardon based on rehabilitation that made the witness's prior felony conviction inadmissible for impeachment purposes. 927 F.2d 838 (5th Cir. 1991). The Court wrote that "Rule 609(c) requires ... that a conviction 'ha[ve] been the subject of a pardon, annulment,

certificate of rehabilitation , or other equivalent procedure based on a finding of the rehabilitation of the person convicted." *Id*. at 840. The Court held that the Louisiana statute at issue was for first-time offenders and did not require a showing of rehabilitation. *Id*. The Court observed that the witness's "pardon simply restored his civil rights [and] [t]he Advisory Committee's Note to Rule 609(c) states that '[a] pardon or its equivalent granted solely for the purpose of restoring civil rights lost by virtue of a conviction has no relevance to an inquiry into character." *Id*. at 841. Thus, the Court concluded that the conviction was properly admitted.

Federal Rule of Evidence 609(c) provides:

> **(c) Effect of pardon, annulment, or certificate of rehabilitation.** Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the **rehabilitation** of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of **innocence**.

(emphasis added).

The Advisory Committee Notes regarding the 1972 amendment of Rule 609(c) states:

> **Note to Subdivision (c).** A pardon or its equivalent granted solely for the purpose of restoring civil rights lost by virtue of a conviction has no relevance to an inquiry into character. If, however, the pardon or other proceeding is hinged upon a showing of rehabilitation the situation is otherwise. The result under the rule is to render the conviction inadmissible. The alternative of allowing in evidence both the conviction and the rehabilitation has not been adopted for reasons of policy, economy of time, and difficulties of evaluation.

After considering the text of Rule 609(c) itself, the Advisory Committee Note regarding same, as well as the authorities cited above, the court concludes that Conrod's expungement pursuant to Mississippi Code Annotated § 41-29-150(d)(2) was not based on rehabilitation or a finding of innocence. Therefore, it is fair game for impeachment purposes.

3

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Suppress Evidence of Prior Criminal History Based on Expungement of Prior Convictions [57-1] is **DENIED.**

**SO ORDERED** this the 19th day of July, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE