# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

TONY CONROD,                                                    PETITIONER

V.                                                    NO.  4:05CR128-WAP

UNITED STATES OF AMERICA,                                      RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Tony Conrod's, a federal inmate proceeding *pro se,* 28 U.S.C. § 2255 motion in which he is seeking to vacate or reduce his sentence. The government has responded and this matter is now ripe for resolution.

*A. Factual and Procedural Background*

On December 1, 2005, Tony Conrod was charged in a two count indictment with (1) conspiring to distribute in excess of 50 grams of cocaine base and (2) one count of distributing in excess of 5 grams of cocaine base.  On July 19, 2006, pursuant to a written plea agreement and with the assistance of counsel, Conrod agreed to plead guilty to Count Two of the indictment.  Count One was dismissed.

The plea agreement provided notice of the possible penalty range of the "maximum possible penalties of not less than 10 years and not more than life imprisonment."  The plea agreement also included a waiver provision in which Conrod agreed to waive, *inter alia*, "all appeals and collateral attacks."  The court held a hearing on July 19, 2006, during which Conrod was advised of his rights and questioned as to the validity of the plea agreement.  The court also advised Conrod of the statutory range of possible punishment he faced as a result of his guilty plea.  Further Conrod acknowledged that the Sentencing Guidelines would apply to his case and he had discussed this with his attorney.  During the Government's recitation of the factual basis, Conrod was informed that the sentence imposed shall not exceed 120 months in accordance with Federal Rules of Criminal

Procedure 11(c)(1)(C). Finding that the plea agreement was knowing and voluntarily, the court accepted Conrod's guilty plea.

A presentence report was prepared. Through counsel, Conrod objected to the use of drug quantities related to the dismissed Count One in calculating his sentence. The presentence report indicated that Conrod's offense level was 33 and calculated a sentencing range between 135 to 168 months imprisonment. On May 14, 2007, the court adopted the presentence report and overruled Conrod's objection. Due to the 11(c)(1)(C) agreement, however, the court sentenced Conrod to 120 months imprisonment–below the advisory range. Finally, the court reminded Conrod that he had agreed to waive any collateral attack as to the conviction and the sentence.

Undeterred by the waiver within the plea agreement or the court's admonition, Conrod filed this § 2255 motion to vacate. Conrod essentially takes issue with his attorney's alleged failure to advise him of the fact that the sentencing guideline range would be calculated, in part, by reference to the drug quantities attributed to him in Count One of the indictment–which was dismissed by virtue of the plea agreement. Conrod is seeking to be "resentenced based [solely] on the drug quantities charged in Count (2) or that he be allowed to take back his [guilty] plea."

### B. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was

imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked

jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by

law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d

544, 546 (5th Cir. 1995). None of these circumstances are applicable to this case.

## C. Discussion

<u>Proof Required for Waiver</u>

An informed voluntary waiver of post-conviction relief is a valid bar to habeas relief. *United*

*States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Only claims of ineffective assistance of counsel

directly affecting the validity of the waiver or the plea itself survive a knowing and voluntary

waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Courts have routinely upheld

waiver provisions in the absence of ineffective assistance of counsel. *Town of Newton v. Rumery*,

480 U.S. 386, 393, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405 (1987). Although Petitioner does assert

a claim for ineffective assistance of counsel, he does not directly or indirectly challenge the waiver

provision contained in the plea agreement.

The waiver provision contained in the plea agreement states, in relevant part:

> <u>WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS</u>. Defendant TONY CONROD, **hereby expressly waives his rights to** appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed on any ground whatsoever . . . Defendant TONY CONROD, also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255.

Conrod executed the plea agreement including this waiver provision with the assistance of counsel.

At his change of plea hearing, the plea agreement was reviewed in Conrod's presence assuring his

assent thereto was knowing and voluntary. Conrod was twice informed of the waiver provision and

how its inclusion effected his rights; once by the Government and then later by the court. Plea Tr.

18:1-15, 22:12-23:6 (July 24, 2006). Moreover, during sentencing, Conrod was again reminded of

the waiver provision and that he had "waived all rights to contest or collaterally attack the conviction

or the sentence in any post-conviction proceedings, including but not limited to, any motion brought pursuant to Title 28, United States Code, Section 2255." Sent. Tr. 74:2-12 (May 14, 2007). In light of the record, there is simply no argument or basis to challenge the validity of the waiver. Accordingly, the court finds that Conrod has waived his right to pursue this collateral attack

<u>Proof Required for Ineffective Assistance of Counsel</u>

Waiver notwithstanding, Conrod does assert a claim of ineffective assistance of counsel. The ineffective assistance argument is directed at counsel's alleged failure to advise him that the drug quantities identified in the dismissed Count One could be used to calculate a permissible sentencing range. Specifically and in his own words, Conrod asserts that his "attorney failed to appraise [sic] him about his actual sentencing exposure under both, 21 U.S.C. § 841(a)(1) [and] (b)(1)(B)."

When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687. A defendant who, pursuant to a written plea agreement, waives his right to appeal or collaterally attack his conviction and sentence may pursue an ineffective assistance of counsel claim that directly affects the validity of the waiver or the plea itself. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002). In order to show prejudice arising from an attorney's ineffective assistance during plea negotiations

or with the plea itself, Conrod must show that, absent his counsel's deficiencies, he would have proceeded to trial. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

At his change of plea hearing, the court addressed Conrod and asked if it was his intention to plead guilty to Count Two of the indictment which charged that he "knowingly and intentionally distributed in excess of five grams of a mixture and substance containing cocaine base, that is, crack cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code, Section 841(a) and (b)(1)(B)." Plea Tr. 6:6-14. Conrod responded affirmatively. *Id.* Continuing, the court inquired of Conrod, "are you satisfied with your attorney's representation of you; that is do you believe that he has competently represented your best interest in the matter?" Plea Tr. 7:8-11. Conrod responded, "yes, sir." *Id.* The court advised Conrod of his right to a jury trial and the concomitant burden of proof, the right to testify, and that as a result of the guilty plea he was waiving these rights. Plea Tr. 8-9. Again, Conrod indicated that he understood these rights and the consequences of pleading guilty. Plea Tr. 9-10. The court then read Count Two of the indictment which included a reference to 21 U.S.C. § 841(a) and (b)(1)(B). Plea Tr. 10:11-21. Conrod stated that he understood the charges. Plea Tr. 10-12. The court informed Conrod that he faced punishment of not less than 10 years, nor more than life imprisonment. Plea Tr. 12-13. When asked if he had discussed the Sentencing Guidelines with his attorney and how they might apply to his case, Conrod responded, "yes, sir." Plea Tr. 19:20-23. The court further advised Conrod of the application of the Sentencing Guidelines and the court's ability to impose a more harsh or less severe sentence. Plea Tr. 20-23. At his sentencing, referring to the specific statutory provisions, the court again advised Conrod of the charges he faced. Sent. Tr. 2:16-25.

Sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001). Given Conrod's sworn statements of understanding and acquiescence, his claim that he was unaware of the possible punishment cannot be maintained. Conrod was informed on numerous occasions in open court about the chages and

possible punishment he faced. Each time he affirmatively stated he understood and had discussed these matters with his attorney. Furthermore, Conrod received a sentence much lower than the guideline range due to his attorney's assistance in negotiating a favorable plea agreement. If Conrod had proceeded to trial and been found guilty, he would have certainly faced a much more severe sentence. Thus, Conrod cannot establish, nor does he argue, that he would have proceeded to trial absent the alleged deficient assistance from counsel. Accordingly, the claim fails.

*D. Conclusion*

For the foregoing reasons, Petitioner's § 2255 motion should be dismissed with prejudice. A final judgment in accordance with this opinion will be entered.

THIS the 17th day of July, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE